PAOLINO v. LORDI.

(Supreme Court, Appellate Term. November 12, 1909.)

1. SALES (§ 88*)—CONSTRUCTION OF CONTRACT—QUESTIONS. OF LAW. OR FACT—
  CONSTRUCTION OF CONTRACT.
    The construction of a contract to pay therefor "as soon as the six
    barrels of red wine, quality identical with the sample, will have been
    received in P. by R.," was for the court, not the jury.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 248–250; Dec. Dig.
    § 88.*]
2. SALES (§ 82*)—CONSTRUCTION OF CONTRACT—TIME OF PAYMENT.
    Under an agreement to pay therefor "as soon as the six barrels of red
    wine, quality identical with the sample, will have been received in P. by
    R.," a delivery of such wine to a carrier, with instructions. to deliver
    it according to the contract, was not sufficient of itself to charge the
    purchaser.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 231; Dec. Dig. §
    82.*]

    Lehman, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Paolo Paolino against Giovanni Lordi.   Judgment for
plaintiff, and defendant appeals.   Reversed.

See, also, 116 N. Y. Supp. 786.

Argued before GILDERSLEEVE, P. J., and SEABURY and
LEHMAN, JJ.

Palmieri & Wechsler, for appellant. ·
Abraham Nelson, for respondent.

SEABURY, J.   ·The plaintiff sued upon the following contract
signed by the defendant:

    "I will deliver to Paolo Paolino the sum of two hundred and ninety-four
    dollars and fifty cents as soon as the six barrels of red wine, quality identical
    with the sample, will have been received in Pensacola, Florida, by Mr. G. Re.
    "Number of gallons, 310.                         [Signed]   G. Lordi."

The evidence was conflicting as to whether the wine, when received
in Pensacola, Fla., was of the same quality as the sample.   The court
below submitted the case to the jury upon the theory that the plaintiff·
was entitled to recover if he delivered wine of the same quality as
the sample to a common carrier with instructions to deliver it to Mr.
G. Re at Pensacola, Fla.   Objection to this theory being made by the
defendant, the court below left to the jury the construction of the
contract.

The construction of the contract was for the court, not for the jury.
From the terms of the contract it is evident that the defendant was
obligated to pay only when wine of the same quality as the sample
"will have been received in Pensacola, Florida, by Mr. G. Re."   The
delivery of such wine to a common carrier, with instructions to deliver
it according to the contract, was not a compliance with the terms of
the contract.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, P. J., concurs.

LEHMAN, J. (dissenting). The parties met in New York and tasted a sample of wine, and then entered into the agreement set forth in the prevailing opinion. If the word "the" had been omitted, I think, the case would be free from difficulty, and under the authorities the quality of the wine would have to be determined upon its arrival in Pensacola; but the parties have used the definite article, and, I think, are referring to six definite barrels then equal to sample, and when these six barrels were delivered to the carrier, and thereafter received in Pensacola, even though the quality had deteriorated on the journey, the plaintiff was entitled to payment. While the justice should have kept to his original charge, the defendant was not injured by the subsequent submission to the jury of a question of law.